IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE C. McFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1256-T/An |
| | ) | |
| WELLMARK BLUE CROSS BLUE SHIELD OF IOWA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

ORDER DENYING MOTION TO REMAND

_____

The plaintiff, Janice McFarland, filed this declaratory judgment action in the Circuit Court of Madison County, Tennessee against Wellmark Blue Cross Blue Shield of Iowa ("Wellmark"). Wellmark removed the case to this Court pursuant to 28 U.S.C. § 1441 *et seq.*, asserting federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff has filed a motion to remand the action to state court, arguing that the Court does not have subject-matter jurisdiction. Wellmark has responded to the motion to remand.

After sustaining injuries in an automobile accident, plaintiff received a settlement from a third-party tortfeasor. In plaintiff's complaint, she asks the Court to declare that Wellmark has no right to reimbursement from that settlement for medical benefits paid to plaintiff under a health benefit plan provided by her employer. The health benefit plan at

issue is governed by ERISA.  Wellmark has filed a counterclaim asserting its right to reimbursement under the subrogation provisions of the plan.

In general, a civil case filed in state court may be removed to federal court if it could have been brought in federal court originally.  28 U.S.C. § 1441(a).  A defendant seeking to remove a case to federal court has the burden of proving that the jurisdictional requirements are met.  See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994); Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  The removal statutes are to be strictly construed, and there is a strong presumption against removal.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-91 (1938); Alexander, 13 F.3d at 949.

Wellmark asserts that its reimbursement claim, with regard to which the complaint seeks a declaratory judgment, is a claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3), which provides:

> (a)     Persons empowered to bring a civil action
> A civil action may be brought—
> > . . . .
> > (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

In Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court reaffirmed its holding in Mertens v. Hewitt Assocs., 508 U.S. 248 (1993), that the reference to "equitable relief" in § 1132(a)(3) is to "those categories of relief that were *typically*

available in equity."  Knudson, 534 U.S. at 210 (quoting Mertens, 508 U.S. at 256).

In Knudson the plan argued, as does Wellmark in this case, that the relief sought was restitution, which they characterize as an equitable remedy.  However, the Supreme Court drew a distinction between legal restitution and equitable restitution, holding that the restitution sought in that case was legal rather than equitable and, therefore, not authorized under § 1132(a)(3).  534 U.S. at. 214-15.  The Sixth Circuit, relying upon Knudson, held in Qualchoice, Inc. v. Roland, 367 F.3d 638 (6th Cir. 2004), that a plan administrator's claim for reimbursement brought pursuant to § 1132(a)(3) was a claim for legal relief rather than equitable relief.  The Sixth Circuit also held that such claims fall outside a federal court's subject-matter jurisdiction.  Id. at 650.

In Primax Recoveries, Inc. v. Gunter, 433 F.3d 515 (6th Cir. 2006), another panel of the Sixth Circuit rejected the holding in Qualchoice that federal courts do not have subject-matter jurisdiction over claims for legal relief brought under § 1132(a)(3).  Rather, the Sixth Circuit in Gunter held that "an action under 29 U.S.C. § 1132(a)(3) seeking only legal relief does not fall outside a federal court's subject-matter jurisdiction, but instead raises the question whether a party has failed to state a claim upon which relief can be granted."  433 F.3d at 519.  This Court finds Gunter to be the better-reasoned decision, and agrees with the Sixth Circuit's statement that "[a]lthough in many ERISA cases prior precedent will almost certainly preclude the sought remedy, the decision whether to classify a particular claim as legal or equitable presents a sufficiently substantial and non-frivolous issue for federal courts to exercise subject-matter jurisdiction over actions arising under section 1132(a)(3)."  Gunter,

433 F.3d at 519.

Even though the plaintiff contends that the restitution sought by Wellmark in this case is legal in nature rather than equitable, the Court concludes that it has subject-matter jurisdiction over this action.[1]   Therefore, the plaintiff's motion to remand (dkt. #3), is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**                        
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion to dismiss Wellmark's counterclaim for failure to state a claim upon which relief may be granted is currently pending.